UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERTA M. LYNN, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:05-CV-164 CAS |
| WAL-MART STORES EAST, LP., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Roberta Lynn's motion to remand this action to state court. Defendants Wal-Mart Stores East, L.P. and Oren "Bud" Campbell filed a memorandum in opposition. For the following reasons, the Court will grant plaintiff's motion.

**Background**

Plaintiff filed this action in the Circuit Court of Cape Girardeau County, Missouri. Plaintiff claims that she fell on a wet floor causing injury as she was exiting a Wal-Mart store and that defendants' negligence caused her injuries. Defendants Wal-Mart and Campbell removed this case to federal court on the basis of federal diversity jurisdiction.[1] See 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b). Defendants contend that Campbell was fraudulently joined to defeat diversity of citizenship and prevent removal of this case to federal court. Plaintiff and Campbell are both Missouri residents. Defendants assert that there is no reasonable basis in law or fact supporting plaintiff's claim against Campbell. Defendants attach an affidavit from Campbell stating that he is a greeter at the Wal-Mart store, he did not see plaintiff's fall, and had no control over the area where she allegedly fell.

---

[1] Plaintiff filed suit against Wal-Mart Stores East LP, Bud Campbell, John Doe, and Jane Doe.

**Standard**

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different states. 28 U.S.C. § 1332(a). Any civil action brought in state court in which the federal court has original jurisdiction "may be removed by the defendant . . . to the district court for the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a). Actions removed on the basis of diversity jurisdiction may only be removed if none of the parties in interest who is properly joined and served as a defendant is a citizen of the state where the action is brought. 28 U.S.C. §1446(b).

Removal will not be defeated by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the bears the burden of proving the alleged fraud. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977.) "However, if there is a 'colorable' cause of action--that is, if the state law *might* impose liability on the resident defendant under the facts alleged--then there is no fraudulent joinder." Filla, 336 F.3d at 810.

"[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811. "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. In deciding whether joinder is

fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 122 (3rd Cir. 1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085 (1991); see Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.")

**Discussion**

The Court must determine whether Missouri law might impose liability upon defendant Campbell under the facts alleged in plaintiff's complaint. Under Missouri law, an employee may be personally liable to a third party when (1) an employee has or assumes control of his employer's premises or (2) an employee does not have control over the premises but may be liable for injury to third persons when he breaches some duty that he owes to the third person. State of Missouri ex rel. Kyger v. Koehr, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992). "The test is whether [the employee] has breached his legal duty or been negligent with respect to something over which he did not have control." Id. Plaintiff's complaint alleges that

> 9. Defendants as owners, operators, and employees of the retail store negligently: (a) failed to maintain the floor of the retail store in a reasonably safe condition; (b) allowed a slippery substance believed to be water to come into contact with and remain on the floor of the retail store when Defendants knew, or in the exercise of reasonable care should have known, that the substance created an unreasonable risk of harm to customers in the store; (c) failed to warn Plaintiff of the danger presented by the presence of the slippery substance on the floor; (d) failed to install a nonslip surface or protective mat on the floor of the store in the area where Plaintiff fell; and (e) failed to otherwise exercise due care with respect to the matters alleged in this petition.

(Pet. ¶ 9).

Upon review of plaintiff's complaint, it appears that plaintiff has alleged a "colorable" cause of action against Campbell. Plaintiff's allegations that defendants allowed a slippery substance to remain on the floor, failed to warn plaintiff of the danger presented by the slippery substance, and failed to otherwise exercise due care with respect to the matters alleged arguably allege potential

liability by Campbell. Even if Campbell could ultimately prove he had no control over the area, liability is still possible if plaintiff proves that Campbell has "breached his legal duty or been negligent with respect to something over which he did not have control." Kyger, 831 S.W.2d at 956.

Campbell's assertions in his affidavit are not dispositive on the issue. See Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1149-50 (E.D. Mo. 2004) (case remanded despite manager's affidavit stating he was not present during time of injury); Augustine v. Target Corp., 259 F.Supp.2d 919, 922 (E.D. Mo. 2003) (same). In reviewing plaintiff's motion to remand, the Court must resolve all facts and ambiguities in plaintiff's favor. The burden of proof is on the defendants to show Campbell was fraudulently joined. The Court finds that on the face of the pleadings, defendants cannot show fraudulent joinder. Therefore, the Court will remand this action to state court.

**Conclusion**

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction because complete diversity does not exist among the parties, as required under 28 U.S.C. § 1332(a). Therefore, the Court will grant plaintiff's motion to remand and the Order Setting Rule 16 Conference will be vacated.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that the Order Setting Rule 16 Conference is **VACATED**. [Doc. 8]

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of Cape Girardeau County, Missouri for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of October, 2005.